Donohue, J.
The issue presented by this case is whether a particular grievance filed by a police officer in the City of Worcester is arbitrable. Defendant in this action is the president of the union which represents all police officers below the rank of sergeant employed by the City of Worcester. The City of Worcester (“plaintiff’) filed an application to stay arbitration and a memorandum in support. Defendant filed an opposition. After hearing counsel for the parties and based on the parties’ written submissions, plaintiffs application to stay arbitration is ALLOWED.
BACKGROUND
The City of Worcester and Local 378, the International Brotherhood of Police Officers (“union”), are parties to a collective bargaining agreement effective fromJulyl, 1993 through June 30, 1996. On or about September 7, 1994, Officer Linda Jackson (“Jackson”) of the Worcester Police Department filed a grievance pursuant to the collective bargaining agreement because she was not promoted to sergeant. She was number one on the Civil Service list to be promoted to sergeant. However, she was by-passed and numbers two through six were promoted instead.
The Chief of Police responded to Jackson’s grievance by denying it on the grounds that the subject matter was not arbitrable. Jackson followed the grievance procedures outlined in the agreement and appealed the decision accordingly. At every stage of appeal her grievance was denied on the basis that the subject matter of her grievance was not arbitrable. Jackson also filed a complaintwith the Massachusetts Commission Against Discrimination (“MCAD”). On or about December 21,1994, the union informed the City that it intended to arbitrate Jackson’s grievance. In response, the City filed this application to stay arbitration.
DISCUSSION
A. Chapter 150C — Application to Stay Arbitration
The Superior Court has jurisdiction to hear plaintiffs application to stay arbitration pursuant to G.L.c. 150C, §2(b). According to that section,
the superior court may stay an arbitration proceeding commenced or threatened if it finds (1) that there is no agreement to arbitrate, or (2) that the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration and disputes concerning the interpretation or application of the arbitration provision are not themselves made subject to arbitration.
The Superior Court can then, if it finds for the applicant, order a stay of arbitration.
B. Is Dispute Arbitrable?
Plaintiff claims that Articles 11 and 12 of the collective bargaining agreement clearly support its position to stay arbitration. Defendant claims that plaintiff cannot meet the standard articulated in c. 150C, §2(b)(2).
Article 11 states that “if an action is or has been filed before . . . the Massachusetts Commission Against Discrimination, . . . alleging discrimination based on . . . sex, ... no grievance shall lie under the provisions of Article 12.” Article 12 states that “any dispute subject to the jurisdiction of the Civil Service Commission . . . shall not be subject to grievance/arbitration hereunder.”
*645 Jackson, as a Worcester police officer, is subject to the provisions of G.L.c. 31, the Civil Service statute. In order to qualify for a promotion, the requirements of c. 31 must be met. In addition, the order of the list for promotions is governed by the provisions of c. 31. Any disputes regarding Jackson being passed over for promotion are within the jurisdiction of the Civil Service Commission.
Moreover, there can be no question that Jackson has filed a claim with MCAD. Article 11 is very specific that claims filed with MCAD will be left to the discretion of that agency and will not be subject to grievance/arbitration. Therefore, this Court agrees that Articles 11 and 12 clearly support plaintiffs position that the subject matter of Jackson’s grievance is not subject to the arbitration procedures contained in the agreement.
Defendant cites an unpublished Appeals Court decision, City of Worcester v. Local 1009, International Association of Firefighters, 32 Mass.App.Ct. 1122 (1992), in support of its argument to deny the application for a stay. In that case, the first-ranked applicant for fire chief was bypassed and the second-ranked applicant was appointed. The parties went to arbitration and the arbitrator ordered the City of Worcester to promote the first ranked applicant. The City of Worcester sought to have the award vacated but the Superior Court and Appeals Court affirmed the award. The Appeals Court held that the arbitrator’s decision to uphold the City’s past practice of appointing the first-ranked applicant was not in conflict with the Civil Service laws.
While it may seem that the firefighters case is on all fours with the case at bar, it is clearly distinguishable. First, the Appeals Court was simply affirming a Superior Court Justice’s affirmation of an arbitration award. Thus the scope of review was narrow. Second, there is no indication from the text of the opinion that the collective bargaining agreement at issue in the firefighters case had provisions similar to Articles 11 and 12 in the collective bargaining agreement here. Therefore, the firefighters case does not provide a basis for denying the application to stay arbitration.
Jackson’s grievance does not state a controversy under the provisions of the arbitration clause in the collective bargaining agreement. Therefore, plaintiffs application to stay arbitration is granted.
ORDER
Based on the foregoing, plaintiffs application to stay arbitration is ALLOWED.